UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

                                                      3:12-CV-0906
                                                      (GTS/DEP)

CRAIG R. FRITZSCH,

                Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

HON. RICHARD S. HARTUNIAN                 WILLIAM F. LARKIN, ESQ.
U.S. Attorney for the Northern District of New York     Assistant U.S. Attorney
  Counsel for Plaintiff
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

OFFICE OF CRAIG R. FRITZSCH                    CRAIG R. FRITZSCH, ESQ.
  Defendant, *Pro Se*
P.O. Box 561
34 Chenango Street, Suite 401
Binghamton, NY 13902

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this student-loan recovery action filed by the United States of America ("Plaintiff") against Craig R. Fritzsch ("Defendant"), is Plaintiff's motion for partial summary judgment. (Dkt. No. 11.) For the reasons set forth below, Plaintiff's motion is granted.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Complaint and Defendant's Answer**

Generally, liberally construed, Plaintiff's Complaint alleges that, in 1980 and 1981, Defendant executed promissory notes to secure student loans totaling $15,000 at seven percent interest per year, paid $3,383.85 of the principle owed on the loans, and then defaulted on the outstanding principle owed on the loans ($11,616.15) on July 16, 1990, incurring interest in the amount of $9,342.42 through the November 24, 2010. (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Plaintiff's Complaint also alleges that (1) while the notes were originally issued by the Permanent Savings Bank, they were guaranteed by the New York State Higher Education Services Corporation, and (2) when the guarantor was unable to collect the full amount due, it assigned its right and title to the loans to the U.S. Department of Education on November 2, 2005. (*Id.*)  Familiarity with the factual allegations supporting this claim in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

Generally, liberally construed, Defendant's Answer denies Plaintiff's allegations, and asserts, *inter alia*, that (1) Plaintiff's claim is barred by the doctrine of *res judicata* (because the claim was previously dismissed by the Binghamton City Court on April 15, 1996), and (2) Plaintiff is not a "party in interest" for purposes of this action (because Plaintiff has not alleged that it was assigned the notes by the entity to which the New York State Higher Education Services Corporation assigned the notes, i.e., the Educational Credit Management Corporation). (*See generally* Dkt. No. 5 [Def.'s Answer].)  Familiarity with the remaining statements in Defendant's Answer, as well as the two counter-claims in that Answer, is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties. (*Id.*)

### B. Parties' Briefing on Plaintiff's Motion

Generally, in its motion, Plaintiff requests a judgment declaring that the doctrine of *res judicata* is not available as a defense to Plaintiff's Complaint. (*See generally* Dkt. No. 11, Attach. 2 [Plf.'s Memo. of Law].). In support of its motion, Plaintiff argues that the doctrine of *res judicata* does not apply because (1) one of the elements required for the doctrine to apply is that the prior dismissal was "on the merits," (2) under New York State law, a dismissal for failure to prosecute is not a dismissal "on the merits" for purposes of *res judicata*, unless the court's order of dismissal so specifies (a point of law expressly recognized in New York State cases), (3) here, the state court's order of dismissal did not specify that the dismissal was "on the merits," and (4) indeed, the state court expressly reached this same conclusion in its Decision/Order of January 12, 2012. (*Id.*)

Generally, in his response to Plaintiff's motion, Defendant argues that Plaintiff lacks the right to request a ruling that the doctrine of *res judicata* does not apply because Plaintiff is not the holder in due course of the alleged notes, as evident from the fact that (1) the Certificate of Indebtedness attached to the Complaint indicates that Plaintiff was assigned the notes on a date (i.e., November 2, 2005) that was different than the date of assignment stated on the affidavits submitted by the New York State Higher Education Services Corporation in the action in Binghamton City Court (i.e., May 15, 1997), (2) there is no allegation that the notes were ever assigned to Plaintiff by the entity to which the New York State Higher Education Services Corporation assigned them (i.e., the Educational Credit Management Corporation), (3) the Educational Credit Management Corporation previous agreed "by their positive acts" that it had no basis to pursue collection efforts against Defendant, and (4) the copies of the notes adduced

by Plaintiff bear stamps and signatures from unknown individuals on behalf of now-defunct corporations, rather than a corporate resolution authorizing the individuals to assign the notes. (*See generally* Dkt. No. 13 [Def.'s Opp'n Papers].)

Generally in its reply, the Government argues that (1) Defendant has failed to submit a Response to Plaintiff's Rule 7.1 Statement as required by the Local Rules of Practice for the Court, thus lightening Plaintiff's burden on its motion, and (2) Defendant's opposition papers should be disregarded because they consist of an "affirm[ation]" that lacks either a verification or notarization, contains legal arguments in violation of Local Rule 7.1(a)(3), and fails to attach any admissible record evidence. (*See generally* Dkt. No. 14 [Plf.'s Reply Memo. of Law].)

### C. Undisputed Material Facts

Generally, the following facts are asserted in Plaintiff's Statement of Material Fact ("Rule 7.1 Statement") and not expressly denied with a supporting record citation by Defendant in his opposition to Plaintiff's motion. (*Compare* Dkt. No. 11, Attach. 5 [Plf.'s Rule 7.1 Statement] *with* Dkt. No. 13 [Def.'s Opp'n Papers].)

1. Plaintiff commenced this civil action on June 1, 2012, when it filed a Complaint against Defendant seeking to collect approximately twenty-one thousand dollars ($21,000) owing due to a default on his student loan obligations. (Dkt. No. 1.)

2. In his Answer, Defendant alleged, in part, that Plaintiff's Complaint was barred by the doctrine of *res judicata*, because a prior student-loan-collection action, commenced by the New York State Higher Education Services Corporation ("NYSHESC") in Binghamton City Court in 1994, was dismissed for failure to prosecute. (Dkt. No. 5.)

3.      Defendant applied for and received a total of fifteen thousand dollars ($15,000) in federal student loans under the Federal Family Education Loan Program ("FFELP") from the lender, the Permanent Savings Bank of Niagara Falls, New York. (Dkt. No. 1, Attach. 1; Dkt. No. 11, Attach. 3, at 1-9 [Exh. A, B, C].)

4.      More specifically, Defendant completed a student loan application in October of 1980, and signed a promissory note on December 12, 1980, for a five thousand dollar ($5,000) Federal Stafford loan. (Dkt. No. 11, Attach. 3, at 1-3 [Exh. A].)

5.      Defendant completed a second student loan application in May of 1981, and signed a promissory note on July 22, 1981, for a five thousand dollar ($5,000) Federal Stafford loan. (Dkt. No. 11, Attach. 3, at 4-6 [Exh. B].)

6.      Defendant completed a third student loan application in August of 1982, and signed a promissory note on November 3, 1982, for a Five Thousand Dollar ($5,000) Federal Stafford loan. (Dkt. No. 11, Attach. 3, at 7-9 [Exh. C].)

7.      Defendant used the proceeds of these three student loans to fund his legal education at the University of Buffalo School of Law. (Dkt. No. 11, Attach. 4, at 19-21 [pages 18 to 20 of Exh. H].)

8.      Before May 16, 1994, Defendant went into default. (Dkt. No. 11, Attach. 4, at 23 [page 22 of Exh. H].)

9.      On or about May 16, 1994, NYSHESC commenced an action against Defendant in Binghamton City Court, seeking judgment in the approximate amount of thirteen thousand nine hundred eleven dollars and ten cents ($13,911.10) for defaulted student loan obligations (Dkt. No. 11, Attach. 3, at 10-13 [Exh. D].)

10. On or about April 15, 1996, NYSHESC's complaint against Defendant in Binghamton City Court, was dismissed for failure to prosecute. (Dkt. No. 11, Attach. 3, at 14-15 [Exh. E].)

11. On March 26, 1996, the Binghamton City Court entered an Order stating that, pursuant to N.Y. C.P.L.R. § 3215(c), the 1994 action against Defendant commenced by NYSHESC would "be DISMISSED as an abandoned complaint on APRIL 15, 1996 for plaintiff's failure to take proceedings for entry of judgment within one year after default, unless cause is shown why the complaint should not be dismissed." (Dkt. No. 11, Attach. 3, at 19-20 [Exh. G].)

12. In a Decision/Order dated January 12, 2012, Judge Lawrence J. Knickerbocker of the Binghamton City Court denied a motion, filed by Defendant in the Binghamton City Court action, seeking an Order holding the NYSHESC in contempt on the ground that the NYSHESC had subjected him to various collection efforts despite the dismissal of the action on April 15, 1996. (Dkt. No. 11, Attach. 3, at 16-18 [Exh. F].)

13. In his Decision/Order, Judge Knickerbocker reasoned, *inter alia*, that, even if he were to determine that the NYSHESC was the entity responsible for the recent collection efforts against Defendant, those efforts would "appear to be permitted [because] the dismissal of the underlying action by the Court under CPLR § 3215(c) was not on the merits . . . ." (Dkt. No. 11, Attach. 3, at 18 [Exh. F].)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial responsibility, the nonmoving party must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a),(c),(e).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248. As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted). As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*.

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party willfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[1] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[2] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[3]

Of course, when a non-movant has failed to respond to a movant's motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the movant's motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What the non-movant's failure to respond to the movant's motion does is lighten the movant's burden on its motion.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to be admitted, to the extent that those facts are supported by

---

[1] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[2] *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).

[3] *Cusamano*, 604 F. Supp.2d at 426-27 & n.4 (citing cases).

8

evidence in the record, where the nonmoving party has willfully failed to properly respond to that statement[4]–even where the nonmoving party was proceeding *pro se*.[5]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[6] Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

---

[4] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[5] *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

[6] *See*, *e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

### B. Legal Standard Governing Application of Doctrine of *Res Judicata*

"Under the rule of *res judicata*, a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties upon the same claim." *Murtaugh v. New York*, 810 F. Supp.2d 446, 485 (N.D.N.Y. 2011) (Suddaby, J.) (internal quotation marks omitted). "Therefore in order to demonstrate that a claim is precluded based upon *res judicata*, the moving party must show the following: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Murtaugh*, 810 F. Supp.2d at 485 (internal quotation marks omitted).

### III. ANALYSIS

After carefully considering the matter, the Court agrees with Plaintiff that, based on the current record, the doctrine of *res judicata* is not available as a defense to Plaintiff's Complaint, as a matter of law. The Court reaches this conclusion for the reasons stated by Plaintiff in its memoranda of law. *See, supra,* Part I.B. of this Decision and Order. The Court would add only the following three points.

First, Defendant received proper notice of the consequences of failing to properly oppose Plaintiff's motion. (Dkt. No. 12.) In any event, Defendant is an attorney and thus not entitled to such notice, the purpose of which is a *pro se* litigant's general lack of familiarity with the law. *See, supra,* Part II.A. of this Decision and Order. *See also Bruno v. City of Schenectady*, 12-CV-0285, 2014 WL 2707962, at *4 (N.D.N.Y. June 16, 2014). As a result, Plaintiff's burden on all aspects of its motion (both factual and legal) has been lightened; and Plaintiff has met that burden.

Second, in any event, a strong argument exists that Plaintiff is collaterally estopped from arguing that the dismissal of the state court action was not on the merits. Generally, in New York, collateral estoppel has two essential elements: (1) "the identical issue necessarily must have been decided in the prior action and be decisive of the present action" and (2) "the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir.2007). Here, Judge Knickerbocker's finding (on January 12, 2012) that "the dismissal of the underlying action by the Court under CPLR § 3215(c) was not on the merits" was arguably necessary to his conclusion that "[t]he plaintiff is not a proper party to this action"; and Defendant (as the filer of the motion for sanctions) presumably had a full and fair opportunity to contest Judge Knickerbocker's finding.

Third, because Defendant has not cross-moved for a judgment declaring that Plaintiff is not a party in interest for purposes of this action, any genuine dispute of material fact on that issue does not defeat Plaintiff's motion, but merely remains for trial. Similarly, because Defendant has not conclusively established that the Educational Credit Management Corporation previous agreed that it had no basis to pursue collection efforts against Defendant, that issue also remains for trial.

For all of these reasons, Plaintiff's motion for partial summary judgment is granted.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for partial summary judgment (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

**ORDERED** that counsel are directed to appear on **OCTOBER 3, 2014 at 11:00 a.m.** in chambers in Syracuse, NY for a pretrial conference, at which counsel are directed to appear with settlement authority, and in the event that the case does not settle, trial will be scheduled at that time. Plaintiff is further directed to forward a written settlement demand to defendants no later than SEPTEMBER 12, 2014, and the parties are directed to engage in meaningful settlement negotiations prior to the conference.

Dated: August 12, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge